**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RENEE CLEPPER, | Case No. 1:14-cv-197 |
| Plaintiff, | Beckwith, J.<br>Bowman, M.J. |
| v. | |
| CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Plaintiff Renee Clepper filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On January 5, 2011, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income benefits (SSI), alleging disability beginning July 9, 2010. (Tr. 304, 310). The Social Security Administration denied Plaintiff's claims initially, but granted benefits as of September 2011 upon reconsideration based upon Grid Rule 202.02. (Tr. 196, 199, 206, 209).[1]

---

[1] On reconsideration, the state agency determined that Plaintiff could not perform her past relevant work and using medical-vocation Rule 202.02 as a guide, found her disabled as of September 2011 based upon her age. The medical-vocational grid at 20 C.F.R. Pt. 404, Subpt. P, App. 2, directs a conclusion of "disabled" or "not disabled" based on the claimant's age and education and on whether the claimant has

1

Plaintiff then timely requested a hearing before an administrative law judge to address the period from July 9, 2010 to September 1, 2011. (Tr. 266-267). ALJ Larry Temin held an administrative hearing on April 1, 2013, at which Plaintiff appeared with her counsel and testified. (Tr. 80-87, 91-114, 117-118). An independent vocational expert (VE) also testified. (Tr. 88-91, 114-129). On May 9, 2013, the ALJ held another hearing, where Plaintiff, with her representative, and the VE again provided testimony (Tr. 40-73). On May 23, 2013, Judge Temin issued a written decision denying Plaintiff's application for benefits. (Tr. 21-34). Plaintiff now seeks judicial review of the denial of her application for benefits.[2]

At the time of her alleged onset date, Plaintiff was 53 years old. She has an eleventh grade education and past relevant work experience as a billing clerk, order clerk and a customer service representative. Plaintiff alleges disability primarily due to renal cancer.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "renal cell carcinoma, status-post July 2010 nephrectomy; degenerative disc disease of the lumbar and thoracic spines; a pain disorder; and an unspecified depressive disorder." (Tr. 24). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a

---

transferable work skills. *Wright v. Massanari,* 321 F.3d 611, 615 (6th Cir.2003); *Burton v. Sec'y of Health & Human Servs.,* 893 F.2d 821, 822 (6th Cir.1990).

[2] After ALJ Temin's denial of benefits, Plaintiff filed a new application for disability insurance benefits and supplemental security income payments on February 24, 2014 and was awarded benefits as of May 24, 2013 which was the date after her last Administrative Law Judge decision and the earliest date she could be found disabled under that claim.

listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the residual functional capacity ("RFC") to perform light work as follows:

> She can lift/carry/push/pull up to 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for 6 hours in an eight-hour workday and can sit for 6 hours in an eight-hour workday. She can only occasionally stoop, kneel, crouch and climb ramps/stairs. She can never crawl, climb ladders/ropes/scaffolds, or work at unprotected heights or around hazardous machinery. She is able to remember and carry out detailed but uninvolved instructions. She is able to sustain concentration and attention for 2 hours at a time, and then requires a rest break of 5 minutes. Her job should not require an inflexible work pace or more than ordinary and routine changes in work setting or duties.

(Tr. 27). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff is able to perform her past relevant work as a billing clerk, order clerk and customer service representative. (Tr. 33). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations and is not entitled to DIB and/or SSI.[3] *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) improperly weighing the opinion evidence; and 2) improperly determining that she is capable of performing light work. Upon close analysis, I conclude that none of Plaintiff's assignments of error are well-taken.

---

[3] On reconsideration, the State agency found that Plaintiff was unable to perform her past relevant work. Based on supplemental testimony of Plaintiff and the vocational expert at the administrative hearing the ALJ, however, found that Plaintiff would be able to perform her past relevant work, and therefore was not disabled. (Tr. 33-34).

3

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

4

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits.  20 C.F.R. § 404.1512(a).  Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy.  42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is Substantially Supported

*1. Evaluation of the Opinion Evidence*

Plaintiff first assignment of error asserts that the ALJ erred in failing to give controlling weight to the opinions of Dr. John Capurro, Plaintiff's primary care physician.

5

Notably, Dr. Capurro has been Plaintiff's primary care physician since before her cancer was discovered in 2010 and her alleged period of disability began, and has examined and treated her regularly since that time. (Tr. 464-498, 597-653, 658-670, 681-706, 766- 774). Dr. Capurro's opined that Plaintiff was medically disabled and could not perform even sedentary work due to intractable pain. (Tr. 575, 579, 659-663, 665-67, 670). The ALJ, however, gave "little weight" to Dr. Cappurro's findings.

In evaluating the opinion evidence, "[t]he ALJ 'must' give a treating source opinion controlling weight if the treating source opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and is 'not inconsistent with the other substantial evidence in [the] case record.'" *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Wilson* v. *Commissioner,* 378 F.3d 541, 544 (6th Cir. 2004). If the ALJ does not accord controlling weight to a treating physician, the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician. *Wilson*, 378 F.3d at 544; *see also* 20 C.F.R. § 404.1527(d)(2). Furthermore, an ALJ must "always give good reasons in [the ALJ's] notice of determination or decision for the weight [the ALJ] give[s] [the claimant's] treating source's opinion." 20 C.F.R. § 404.1527(d)(2); *but see Tilley v. Comm'r of Soc. Sec.*, No. 09–6081, 2010 WL 3521928, at *6 (6th Cir. Aug.31, 2010) (indicating that, under *Blakely* and the good reason rule, an ALJ is not required to explicitly address all of the

six factors within 20 C.F.R. § 404.1527(d)(2) for weighing medical opinion evidence within the written decision).

Moreover, it is well established that it is the ALJ's responsibility to formulate the RFC. See 20 C.F.R. § 404.1546(c). See also 20 C.F.R. § 404.1527(e)(2) (the final responsibility for deciding RFC is reserved to the Commissioner even though "we consider opinions from medical sources on issues such as ... your residual functional capacity"). However, "[t]he ALJ must not substitute [his] own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Commissioner of Social Sec.*, No. 1:07–cv–51, 2008 WL 1733181, at *13 (S.D.Ohio April 14, 2008) (Beckwith, J.; Hogan, M.J.) (citing *Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir.1963); *Clifford v. Apfel*, 22.7 F.3d 863, 870 (7th Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir.1985); *Sigler v. Secretary of Health and Human Servs.*, 892 F.Supp. 183, 187–88 (E.D.Mich.1995). Thus, while an ALJ is free to resolve issues of credibility as to lay testimony, or to choose between properly submitted medical opinions, he is not permitted to make his own evaluations of the medical findings. "The ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Com'r of Soc. Sec.,* No. 1:07–cv–51, 2008 WL 1733181, at * 13 (S.D. Ohio April 14, 2008) (Beckwith, J, citing *Hall v. Celebrezze,* 314 F.2d 686, 690 (6th Cir.1963)).

Here, the ALJ gave "little weight" to Dr. Capurro's findings because his records are not supported by the objective evidence and not consistent with the record as a whole. (Tr. 56) Instead, the ALJ assigned significant weight to the findings of state agency consulting physicians Drs. W. Jerry McCloud, Gary Hinzman, Paul Tangeman,

7

David Dietz, and Thomas Hyatt because he found their findings to be supported by and consistent with the evidence of record.

In so concluding, the ALJ noted that Dr. Capurro's opinions were not consistent with his own treatment notes, which routinely revealed benign findings. (Tr. 31). The ALJ also pointed out that Dr. Capurro did not support his assessment with any objective evidence or clinical findings. (Tr. 31). See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). The ALJ also found that Dr. Capurro's conclusory opinions that Plaintiff was disabled were not entitled to significant weight as a matter of law. See Social Security Ruling (SSR) 96-5p ("Treating source opinions on issues reserved to the Commissioner will never be given controlling weight."); *see also Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) ("[T]he ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.") (internal quotation omitted). Next, the ALJ explained that Dr. Capurro's assessment exceeded Plaintiff's own allegations and testimony. (Tr. 31). For example, Plaintiff testified that she could lift about 10 pounds, sit for 15-20 minutes at a time, and stand for 20 minutes at a time. (Tr. 98-99). However, Dr. Capurro opined that she could only sit/stand for 10 minutes and never lift anything even less than 10 pounds. (Tr. 661-62).

The rationale given by the ALJ for the weight he assigned to Dr. Capurro shows that the ALJ properly considered the factors outlined in 20 C.F.R. § 404.1527(d)(2) and is supported by the evidence of record. Because the ALJ provided legitimate reasons for not giving great or controlling weight to Dr. Capurro's opinions, substantial evidence

8

supports the Commissioner's decision. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 578 (6th Cir. 2009) (The ALJ "provided sufficient reasons . . . [t]hough brief," for rejecting treating physician's opinion); *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 476 (6th Cir. 2008) ("Unlike the cases where we have held that the ALJ failed to state 'good reasons' for rejecting the treating physician's opinion, here the ALJ did not merely cast aside the treating physician's opinion without explanation.").

Additionally, the ALJ properly afforded significant weight to the opinions of state agency medical consultants. An ALJ may rely on the opinions of the state agency physicians who reviewed plaintiff's file. *See* 20 C.F.R. §§ 404.1527(f)(2)(i) and 416.927(f)(2)(i) (state agency medical consultants and other program physicians are "highly qualified physicians ... who are also experts in Social Security disability evaluation"). S*ee also McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009) (administrative law judges must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence, except for the ultimate determination about whether you are disabled). 20 C.F.R. § 404.1527(f)(2)(i); see also *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009)."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 651 (6th Cir. 2006) (en banc) (affirming ALJ's decision adopting reviewing physician's opinion over treating physician's opinion).

Accordingly, Plaintiff first assignment of error should be overruled.

2. *RFC Assessment*

Plaintiff next argues that the ALJ determination that Plaintiff could perform a reduced range of light work is not supported by substantial evidence. Specifically,

9

Plaintiff contends that this determination failed to adequately consider the effect of Plaintiff's pain on her functional limitations.

A claimant's RFC is the most that she can still do despite her functional limitations. 20 C.F.R. §§ 404.1545 (c), 416.945(a); SSR 96-8p. The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. 20 C.F.R. §§ 404.1546(c), 416.946(c).  In evaluating complaints of disabling pain, the fact-finder will first examine "whether there is objective medical evidence" that "confirms the severity of the alleged pain" or "can reasonably be expected to produce the alleged disabling pain." *Walters v. Comm'r of Social Sec.,* 127 F.3d 525, 531 (6th Cir.1997). "[I]f disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken." *Id.* (citing 20 C.F.R. § 404.1529(c) (3)).

Here, the ALJ noted, Plaintiff's normal examination findings and minimal, routine, and conservative treatment adversely weighed against a finding that her subjective complaints were entirely credible. (Tr. 28-30). The burden is always on Plaintiff to present evidence of her disability. 42 U.S.C. § 423(d)(5)(A) ("An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."); 20 C.F.R. §§ 404.1512(a), 416.912(a) (stating that "in general, you have to prove to us that you are . . . disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"). Plaintiff has not met that burden here.

In sum, although the undersigned may have reached a different conclusion based on the record evidence, such a determination does not require reversal. As noted above, the Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).  The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. As sympathetic as the Court is to Plaintiff, unfortunately, if the Secretary's decision is supported by substantial evidence, a reviewing court must affirm. Such is the case here.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT**: the decision of the Commissioner to deny Plaintiff's application for benefits be **AFFIRMED**. As no further matters remain pending for the Court's review, this case be **CLOSED**.

 *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RENEE CLEPPER,                                    Case No. 1:14-cv-197

      Plaintiff,                              Beckwith, J.
                                                Bowman, M.J.
  v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).